CHARLENE MIMURA, Individually, and as Personal Representative of the ESTATE OF WARREN T. MIMURA, Deceased, Plaintiffs-Appellants,
v.
JEREMIAH MOEAVA and HAWAII STEVEDORES, INC. Defendants-Appellees, and
DOE DEFENDANTS 1-100, Defendants
No. 28303.
Intermediate Court of Appeals of Hawaii.
June 27, 2008.
On the briefs:
Richard Turbin, Rai Saint Chu, Sidney D. Smith, Jr., (Turbin Chu Smith), Richard A. Lesser, for Plaintiffs-Appellants.
Robert G. Frame, Mark S. Hamilton, (Frame & Nakano), for Defendants-Appellees.
Melvyn M. Miyagi, (Miyagi, Nohr & Myhre), Co-counsel for Defendant-Appellee, Hawaii Stevedores, Inc.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, J.
Charlene Mimura, individually and as Personal Representative of the Estate of Warren T. Mimura, Deceased, (the Estate) appeals from the Final Judgment filed on November 29, 2006 in the Circuit Court of the First Circuit (circuit court).[1]
The circuit court granted summary judgment in favor of Defendants-Appellees Jeremiah Moeava (Moeava) and Hawaii Stevedores, Inc. (HSI) (collectively, Moeava/HSI) and filed its "Findings of Fact, Conclusions of Law, and Order Granting Defendants Jeremiah Moeava and Hawaii Stevedores, Inc.'s Motion for Summary Judgment" on November 13, 2006 (F0F/COL/Order). The circuit court dismissed all of the Estate's claims with prejudice.
On appeal, the Estate asserts the following points of error:
(1) Because trial courts are not empowered to weigh evidence and find facts on a motion for summary judgment, the circuit court erred when it weighed the nine factors set forth in Ruiz v. Shell Oil Co., 413 F.2d 310 (5th Cir. 1969), and found that Moeava was a borrowed servant employed by Horizon Lines, LLC (Horizon) under the Longshore and Harbor Workers' Compensation Act (the LHWCA) and a fellow employee of Warren Mimura (Mimura) on December 3, 2004 when Mimura was killed in an accident while working at the Horizon shipping terminal.
(2) The circuit court erred when it analyzed the borrowed servant question under Hawai`i law.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Estate's points of error as follows:
The central issue below and on appeal is whether Moeava was a borrowed servant of the borrowing employer, Horizon, at the time of the accident. If Moeava were a borrowed servant, civil remedies against Moeava/HIS would be unavailable to the Estate as a matter of law.[2]
In applying the Ninth Circuit Court of Appeals' direction/control analysis to the record on this case (the pleadings, depositions, answers to interrogatories, and affidavits), we conclude there is no genuine issue of material fact as to Moeava's status as a borrowed employee. See Parker v. Joe Lujan Enter. Inc., 848 F.2d 118, 119-20 (9th Cir. 1988) (holding the winch operator provided through contract was subject to the authority and control of the company that borrowed him and he was a borrowed servant of the company); McCollum v. Smith, 339 F.2d 348, 351 (9th Cir. 1964) (holding an employee is the borrowed servant of the borrowing employer as long as the borrowing employer has authoritative direction and control over the work being performed when the negligent act or omission occurred, even if the nominal employer did not relinquish full control).
The Fifth Circuit Court of Appeals correctly considered the issue of borrowed servant status as a mixed question of fact and law.
This court as well as the Seventh and Ninth Circuits have held that the issue of whether a relationship of borrowed servant existed is a matter of law. We agree that the issue is best considered an issue of law.
. . . .
. . . We will not insist upon' the expense and delay of a trial if the overall issue can be resolved through a preponderance of other factual matters not in dispute.
Gaudet v. Exxon Corp., 562 F.2d 351, 357-58 (5th Cir. 1977) (internal quotation marks and citations omitted).
The Estate did not dispute the evidence furnished by Moeava/HSI showing that Moeava was under Horizon's direct supervision and control at the time of the accident. Instead, the Estate posed several questions it claimed Moeava/HSI failed to address in their motion. The Estate pointed to the nine-part test outlined by the Fifth Circuit in Ruiz that it believed Moeava/HSI failed to fully satisfy.
The Estate's contention that it created a genuine issue of fact for trial by posing unanswered questions related to the Ruiz test is unavailing. The Fifth Circuit has observed:
A directed verdict is appropriate if the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not reach a contrary verdict. An employee of one person or company may become the servant of another person or company if [the employee] is transferred by the former with [the employee's] own consent or acquiescence to the employ of the latter. The central question in borrowed servant cases is whether someone has the power to control and direct another person in the performance of his [or her] work.
Hebron v. Union Oil Co. of California, 634 F.2d 245, 247 (5th Cir. 1981) (citations omitted; emphasis added).
After considering the issue of Moeava's employment status under each of the nine factors of the Ruiz test, the circuit court found that Moeava was a borrowed servant at the time of the accident.
The circuit court's "borrowed employee" analysis under the nine-factor Ruiz test results in the same conclusion under the control/direction analysis the Ninth Circuit employed in Parker and McCollum.
We hold that the circuit court conducted an appropriate analysis of the borrowed servant question and did not err in granting summary judgment.
Therefore,
The Final Judgment filed on November 29, 2006 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Randal K.O. Lee presided.
[2] 33 U.S.C. § 933(i) provides:

(i) Right to compensation as exclusive remedy. The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer.